**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4578**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

DAMIEN COURTNEY FITZGERALD, a/k/a Crazy Man, a/k/a Big,

                Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Danville. Jackson L. Kiser, Senior District Judge. (4:12-cr-00032-JLK-2)

Submitted: March 11, 2014         Decided: March 28, 2014

Before NIEMEYER, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Wayne D. Inge, LAW OFFICE OF WAYNE D. INGE, Roanoke, Virginia, for Appellant. Timothy J. Heaphy, United States Attorney, Drew J.M. Bradylyons, Special Assistant United States Attorney, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Damien Fitzgerald pled guilty to two counts of distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2012), and one count of possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2012). Prior to being sentenced, Fitzgerald moved pro se to withdraw his guilty plea. Without appointing new counsel, the district court denied the motion and sentenced Fitzgerald to 180 months' imprisonment. On appeal, Fitzgerald contends that the district court erred in denying his motion to withdraw his guilty plea and that he was effectively abandoned at the hearing because of a conflict of interest with his counsel. We affirm.

We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Nicholson, 676 F.3d 376, 383 (4th Cir. 2012). "A defendant has no absolute right to withdraw a guilty plea[.]" Id. at 383-84 (internal quotation marks omitted). Instead, the defendant bears the burden of "show[ing] a fair and just reason" for withdrawing his guilty plea. Fed. R. Crim. P. 11(d)(2)(B); Nicholson, 676 F.3d at 383.

This court has outlined six factors that the district court should evaluate to determine whether a defendant is entitled to withdraw his guilty plea:

2

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). While all the factors noted in Moore should be considered, the key factor to determining whether a motion to withdraw should be granted is whether the Rule 11 hearing was properly conducted. Nicholson, 676 F.3d at 384.

Fitzgerald does not challenge on appeal the validity of the Rule 11 proceeding. Rather, his sole contention is that he could not have pled guilty without reviewing the Government's evidence against him. The district court noted that Fitzgerald cannot read or write and that Fitzgerald waited ten weeks to file his motion. Further, at his plea hearing, Fitzgerald repeatedly affirmed his guilt under oath, stated that he was satisfied with his counsel, stated that he had discussed his case and the nature of the charges against him with counsel numerous times, and affirmed that there was a factual basis to support his guilt. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) (holding that statements under oath are entitled to "a strong presumption of verity"). In light of these admissions

3

and the Moore factors, we conclude that the district court did not abuse its discretion by concluding that Fitzgerald's contentions in his motion were incredible and that his plea was knowing and voluntary.

Lastly, Fitzgerald argues that he was effectively abandoned at the withdrawal hearing because, as a result of his allegations of ineffective assistance of counsel, his counsel's representation was compromised by a conflict of interest. We have held that:

> Where . . . a defendant urges the ineffectiveness of counsel as the basis of a challenge to the denial of a . . . motion [to withdraw a guilty plea], the claim is only advanced for its relevance to the determination whether . . . [the motion should be granted], and not as an independent constitutional basis for reversal.

United States v. Craig, 985 F.2d 175, 178 (4th Cir. 1993). The question, therefore, is "whether the underlying motion had sufficient merit to create an actual conflict of interest or present a plausible alternative defense strategy." Hines v. Miller, 318 F.3d 157, 163 (2d Cir. 2003) (internal quotation marks omitted). Because Fitzgerald's motion to withdraw was wholly frivolous, we conclude that the district court did not abuse its discretion by not appointing new counsel to represent Fitzgerald at the withdrawal hearing.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal

4

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED